Michael F. Thomson (Utah State Bar No. 9707)
Carson Heninger (Utah State Bar No. 17410)
**GREENBERG TRAURIG, LLP**
222 South Main Street, Suite 1730
Salt Lake City, UT 84101
Telephone: (801) 478-6900
Email: thomsonm@gtlaw.com
carson.heninger@gtlaw.com

*Attorneys for Michael Thomson, Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| In re:<br><br>ROBERT RONALD CLAUSON,<br><br>Debtor, | Bankr. Case No. 21-23249 |
| MICHAEL THOMSON, Chapter 7 Trustee for the Robert Clauson Bankruptcy Estate,<br><br>Plaintiff,<br><br>v.<br><br>NILE CLAUSON, an individual,<br><br>Defendant. | Chapter 7<br><br>Adv. Pro. No. ________<br><br>The Honorable Kevin R. Anderson |

# COMPLAINT

Plaintiff Michael Thomson, in his capacity as the duly-appointed Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Robert Clauson (the "Debtor"), by and through counsel, files this complaint against Nile Clauson (the "Defendant") and alleges as follows:

## PARTIES

1. The Trustee is the duly-appointed Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate"), appointed pursuant to 11 U.S.C. §§ 701(a)(1) and 702(d).

2. Defendant Nile Clauson is an individual and the son of the Debtor and, based on information and belief, resides in Utah County, Utah.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this adversary proceeding and the matters set forth in this Complaint pursuant to 28 U.S.C. §§ 157 and 1334, as it arises under and relates to a case under title 11 of the United States Code (the "Bankruptcy Code").

4. Venue of this adversary proceeding and the matters set forth herein is proper pursuant to 28 U.S.C. § 1409.

5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O).

## GENERAL ALLEGATIONS

6. On July 26, 2021 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, thus commencing the above-captioned bankruptcy case (the "Bankruptcy Case").

7. Based on information and belief, as of the Petition Date the Debtor was the sole equity holder and principal of 3N Corporation Inc. ("3N").

8. On April 27, 2017, 3N acquired the Skye Estates property located at:

> Lot 409, SKYE ESTATES PHASE 4, FINAL PLAT, Highland, Utah, according to the official plat thereof on file in the office of the Utah County Recorder.

(the "Property"). A true and correct copy of the *Warranty Deed* conveying the Property is attached hereto as **Exhibit 1**.

9. Based on information and belief, the Debtor used his own personal funds to purchase the Property for 3N.

10. On October 30, 2019, the Debtor, acting as President for 3N, executed that certain *Special Warranty Deed* which transferred the Property to himself as the "Trustee of The Robert Clauson DAP Trust, dated September 27, 2019" (the "Clauson Trust"). A true and correct copy of the *Special Warranty Deed* is attached hereto as **Exhibit 2**.

11. Based on information and belief, 3N received no money for the transfer of the Property to the Clauson Trust.

12. On June 4, 2021, the Debtor, acting on behalf of 3N, despite 3N not being the record owner of the Property, executed that certain *Warranty Deed* transferring the Property to Cambridge Custom Homes, LLC. A true and correct copy of the *Warranty Deed* is attached hereto as **Exhibit 3**.

13. On June 7, 2021, Michael Black, acting as Trustee for the Clauson Trust, executed that certain *Special Warranty Deed* which transferred the Property back to 3N. A true and correct copy of the *Special Warranty Deed* is attached hereto as **Exhibit 4**.

14. 3N received $366,041.75 in sale proceeds for the sale of the Property.

15. Immediately upon 3N receiving the sale proceeds, the Debtor caused 3N to transfer approximately $174,000 of the sale proceeds (the "Transfer") to the Defendant.

16. The Defendant maintains that he received the Transfer because he was a 50% equity holder in 3N.

17. Despite requests from the Trustee, the Defendant has produced no document showing that he is an equity holder of 3N.

18. The Defendant paid nothing for his purported ownership in 3N and has no stock certificates showing his alleged ownership in 3N. The Defendant also had no promised salary or equation for how much equity he could get from 3N.

19. During the relevant times herein, the Defendant was employed at Skydrop doing customer support, Vivint as a sale representative, ADT as a sales representative, Utah First Credit Union, and PC Laptops as a sales representative. The Defendant has also been pursuing a degree at Utah Valley University in cybersecurity and IT management.

20. 3N has never been the Defendant's primary employment. The Defendant's role with 3N was limited to only menial tasks. Specifically, on the Defendant's commute home from his primary employment he would "land hunt."

21. The Defendant was separately compensated for his limited work for 3N.

22. On the other hand, the Debtor had the business acumen for land development. The Debtor managed 3N, made all decisions for 3N, controlled 3N's bank accounts, filed taxes for 3N, oversaw general corporate governance matters, and was the signatory to all relevant 3N documents.

23. The Debtor's primary profession before the Petition Date was a land developer.

24. The Defendant received the Transfer only weeks before the Debtor filed for bankruptcy.

**FIRST CAUSE OF ACTION**
**(Avoidance of Fraudulent Transfers—11 U.S.C. § 548(a)(1)(B))**

25. The Trustee realleges and incorporates by reference each of the preceding allegations as if fully set forth herein.

26. The Transfer to the Defendant was a transfer of an interest of the Debtor in property.

27. The Transfer was made within two years before the Petition Date.

28. The Defendant is an Insider of the Debtor, as defined in Section 101(31) of the Bankruptcy Code.

29. Based on information and belief, the Debtor owed no present or antecedent debt to the Defendant at the time of the Transfer.

30. The Transfer provided no value to the Debtor's unsecured creditors.

31. The Debtor did not receive reasonably equivalent value for the Transfer.

32. Based on information and belief, the Debtor was insolvent at the time of the Transfer or became insolvent as a result of the Transfer.

33. Therefore, the Trustee may avoid the Transfer pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

**SECOND CAUSE OF ACTION**
(Avoidance of Fraudulent Transfers —11 U.S.C. § 548(a)(1)(A))

34. The Trustee realleges and incorporates by reference each of the preceding allegations as if fully set forth herein.

35. The Transfer to the Defendant was a transfer of an interest of the Debtor in property.

36. The Transfer was made within two years before the Petition Date.

37. The Transfer was to an Insider.

38. The Debtor did not receive reasonably equivalent value in exchange for the Transfer.

39. Based on information and belief, the Debtor made the Transfer to the Defendant with actual intent to hinder, delay, or defraud those to whom the Debtor was indebted.

40. Therefore, the Trustee is entitled avoid the Transfer pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

**THIRD CAUSE OF ACTION**
(Recovery of Avoided Transfers—11 U.S.C. § 550(a)

41. The Trustee realleges and incorporates by reference each of the preceding allegations as if fully set forth herein.

42. The Transfer is avoidable pursuant to Section 548(a)(1)(B), or, in the alternative, Section 548(a)(1)(A) of the Bankruptcy Code.

43. The Defendant was the initial, immediate, or mediate transferee of the Transfer or the party for whose benefit the Transfer was made.

44. Thus, pursuant to Section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover, for the benefit of the Estate, the value of the Transfer from the Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, the Trustee hereby requests that this Court grant relief and enter a judgment against the Defendant as follows:

1. On the First Cause of Action, avoiding the Transfer pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

2. In the alternative, on the Second Cause of Action, avoiding the Transfer pursuant to Section 548(a)(1)(A) of the Bankruptcy Code.

3. On the Third Cause of Action, allowing recovery of the Transfer or the value thereof from the Defendant.

4. Upon all claims herein, for such other and further relief as the Court deems justified including, if appropriate, an award of attorney's fees, costs of this action, and pre- and post-judgment interest.

5. Such other and further relief as the Court deems just and proper.

DATED July 26, 2023.

**GREENBERG TRAURIG, LLP**

*/ s / Carson Heninger*
Michael Thomson
Carson Heninger

*Attorneys for Michael Thomson, Chapter 7 Trustee*

# EXHIBIT 1

Select Title
INSURANCE AGENCY INC

ENT 58878:2017 PG 1 of 1
Jeffery Smith
Utah County Recorder
2017 Jun 19 12:21 PM FEE 11.00 BY SS
RECORDED FOR Select Title Insurance Agency
ELECTRONICALLY RECORDED

File No. 10628-RW

Parcel ID# 66:453:0409

# WARRANTY DEED

**Melinda B. Christofferson and G. Chad Christofferson, as Trustees of The Melinda B. Christofferson Trust dated August 24, 2010,** Grantor,

of Highland, County of Utah, State of UTAH, hereby CONVEY AND WARRANT to

**The 3 N Corporation, Inc.,** Grantee,

of 5255 W. 11100 N. Highland, Utah 84003, County of Utah, State of Utah for the sum of TEN DOLLARS ($10.00) and other good and valuable consideration, on the following described tract of land in Utah County, State of Utah:

**Lot 409, SKYE ESTATES PHASE 4, FINAL PLAT, Highland, Utah, according to the official plat thereof on file in the office of the Utah County Recorder.**

*SUBJECT TO* easements, restrictions, reservations, and rights of way of record and general property taxes for the year 2017 and thereafter.

*TOGETHER WITH* all the appurtenances, rights, and privileges thereunto belonging.

WITNESS, the hand of said Grantor, this 27th day of April, 2017.

Melinda B. Christofferson, Trustee of The Melinda B. Christofferson Trust dated August 24, 2010

G. Chad Christofferson, Trustee of The Melinda B. Christofferson Trust dated August 24, 2010

CHERYL BARCLAY
Notary Public
State of Utah
Comm. No. 687004
My Comm. Expires Apr 6, 2020

STATE OF UTAH

SS:

COUNTY OF UTAH

On this 27th day of April, 2017, personally appeared before me Melinda B. Christofferson and G. Chad Christofferson, as Trustees of The Melinda B. Christofferson Trust dated August 24, 2010, proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed on this instrument, and acknowledged that he/she/they executed the same.

Notary Public

# EXHIBIT 2

**When Recorded, Mail To:**
The Robert Clauson DAP Trust
6233 Ridge Road
Highland, UT 84003

ENT 128172:2019 PG 1 of 2
Jeffery Smith
Utah County Recorder
2019 Dec 04 01:02 PM FEE 40.00 BY MA
RECORDED FOR US Title Insurance Agency
ELECTRONICALLY RECORDED

Courtesy

Tax Id No: **66:453:0409**

CORRECTIVE

# Special Warranty Deed

(Corporation)

Grantor,

**The 3 N Corporation, Inc.,** of Highland, County of Utah, State of Utah, hereby Convey and Warrant against all claiming by, through or under it to

**Robert Clauson, Trustee of The Robert Clauson DAP Trust, dated September 27, 2019,** Grantee,

of 6233 Ridge Road, Highland, Utah 84003 for the sum of TEN DOLLARS ($10.00) and other good and valuable consideration the following described tract of land in Utah County, State of Utah:

**See Attached Exhibit "A"**

Subject to easements, restrictions and rights of way appearing of record or enforceable in law and equity and general property taxes for the year 2019 and thereafter.

Together with all improvements thereon or entitlements thereto.

The officers who sign this deed hereby certify that this deed and the transfer represented thereby was duly authorized under a resolution duly adopted by the board of directors of the grantor at a lawful meeting duly held and attended by a quorum.

In witness whereof, the grantor has caused its corporate name and seal to be hereunto affixed by its duly authorized officers this 30th day of October, 2019

*This deed is being recorded to correct Special Warranty Deed recorded Nov. 1, 2019, under Entry No. 113502:2019 to add the Trustee in the named Grantee.

The 3 N Corporation,

By: Robert Clauson
Its: President

STATE OF UTAH )
ss.
COUNTY OF UTAH )

On the 30 day of October, 2019, before me, the undersigned Notary Public, personally appeared Robert Clauson, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

JUSTIN J. WILSON
NOTARY PUBLIC-STATE OF UTAH
COMMISSION# 702968
COMM. EXP. 10-18-2022

Notary Public

Exhibit "A"

Lot 409, SKYE ESTATES PHASE 4, FINAL PLAT, Highland, Utah, according to the official plat thereof on file in the office of the Utah County Recorder.

When Recorded mail to:
6233 Ridge Road, Highland, Ut 84003

ENT 113502:2019 PG 1 of 2
Jeffery Smith
Utah County Recorder
2019 Nov 01 11:16 AM FEE 40.00 BY DA
RECORDED FOR US Title Insurance Agency
ELECTRONICALLY RECORDED

Courtesy

Tax Id No: 65:453:0409

# Special Warranty Deed

(Corporation)

Grantor,

**The 3 N Corporation, Inc.**, of Highland, County of Utah, State of Utah, hereby Convey and Warrant against all claiming by, through or under it to

**The Robert Clauson DAP Trust dated September 27, 2019** Grantee,

of 6233 Ridge Road, Highland, Utah, 84003 for the sum of TEN DOLLARS ($10.00) and other good and valuable consideration the following described tract of land in Utah County, State of Utah:

**See Attached Exhibit "A"**

Subject to easements, restrictions and rights of way appearing of record or enforceable in law and equity and general property taxes for the year 2019 and thereafter.

Together with all improvements thereon or entitlements thereto.

The officers who sign this deed hereby certify that this deed and the transfer represented thereby was duly authorized under a resolution duly adopted by the board of directors of the grantor at a lawful meeting duly held and attended by a quorum.

In witness whereof, the grantor has caused its corporate name and seal to be hereunto affixed by its duly authorized officers this 30th day of October, 2019

**The 3 N Corporation, Inc.**

By: Robert Clauson
Its: President

STATE OF UTAH )
ss.
COUNTY OF UTAH )

On the 30 day of October, 2019, before me, the undersigned Notary Public, personally appeared Robert Clauson, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

JUSTIN J. WILSON
NOTARY PUBLIC • STATE OF UTAH
COMMISSION# 702968
COMM. EXP. 10-18-2022

Notary Public

Exhibit "A"

Lot 409, SKYE ESTATES PHASE 4, FINAL PLAT, Highland, Utah, according to the official plat thereof on file in the office of the Utah County Recorder.

# EXHIBIT 3

WHEN RECORDED MAIL TO
AND MAIL TAX NOTICE TO:
Cambridge Custom Homes, LLC
4021 South 3210 East
Salt Lake City, UT 84124

ENT 104151:2021 PG 1 of 2
Andrea Allen
Utah County Recorder
2021 Jun 07 02:15 PM FEE 40.00 BY SA
RECORDED FOR US Title Insurance Agency
ELECTRONICALLY RECORDED

# WARRANTY DEED

File No.: 042714
APN: 66-453-0409

**The 3 N Corporation, Inc.,**

Grantor(s), of Highland, Utah County, State of Utah, hereby convey(s) and warrant(s) to

**Cambridge Custom Homes, LLC,**

Grantee(s), of Salt Lake City, Salt Lake County, State of Utah, for the sum of ten dollars and other good and valuable consideration, the following tract of land located in Utah County, Utah, to wit:

**Lot 409, SKYE ESTATES PHASE 4 FINAL PLAT, Highland, Utah, according to the official plat on file in the office of the Utah County Recorder.**

Situated in Utah County, State of Utah

Subject to easements, restrictions, reservations and rights of way appearing of record.

Witness the hand(s) of said Grantor(s) this 4th day of June, 2021.

**The 3 N Corporation, Inc.**

BY: ______________________
**Robert Clauson, Director**

BY: ______________________
**Nile R. Clauson, Vice President**

BY: ______________________
**Shannon E. Clauson, President**

STATE OF UTAH )
ss :
COUNTY OF Utah )

The foregoing instrument was acknowledged before me the 4th day of June, 2021, by Robert Clauson the Director, Nile R. Clauson the Vice President and Shannon E. Clauson the President of The 3 N Corporation, Inc.

______________________
Notary Public

Notary Public - State of Utah
MARIE A. CARAS
Comm. #709767
My Commission Expires
January 12, 2024

# EXHIBIT 4

ENT 104150:2021 PG 1 of 1
Andrea Allen
Utah County Recorder
2021 Jun 07 02:15 PM FEE 40.00 BY SA
RECORDED FOR US Title Insurance Agency
ELECTRONICALLY RECORDED

WHEN RECORDED, MAIL TO
AND MAIL TAX NOTICE TO:
Cambridge Custom Homes, LLC
6233 Ridge Road
Highland, UT 84003

## SPECIAL WARRANTY DEED

File No: 042714
APN: 66-453-0409

**W. Michael Black, Trustee of The Robert Clauson DAP Trust, dated September 27, 2019**, as their interest may appear,
Grantor(s), of Highland, Utah County, State of Utah, hereby convey(s) and warrant(s) against all who claim by, through, or under the grantor to

**The 3 N Corporation, Inc,**
Grantee(s), of Highland, Utah County, State of Utah, for the sum of ten dollars and other good and valuable consideration, the following described tract of land in Utah County, Utah, to wit:

**Lot 409, SKYE ESTATES PHASE 4 FINAL PLAT, Highland, Utah, according to the official plat on file in the office of the Utah County Recorder.**

Situated in Utah County.

Subject to easements, restrictions, and rights of way appearing of record or enforceable in law or equity.

Witness the hand(s) of said Grantor(s) this 7th day of June, 2021.

**The Robert Clauson DAP Trust, dated September 27, 2019**

BY: W. Michael Black
**W. Michael Black, Trustee**

STATE OF UTAH )
:ss
COUNTY OF Utah)

The foregoing instrument was acknowledged before me the 7th day of June, 2021, by W. Michael Black, Trustee of The Robert Clauson DAP Trust, dated September 27, 2019,.

Becca Laree Carr
Notary Public

BECCA LAREE CARR
Notary Public - State of Utah
Commission Number: 707766
My Commission Expires on
Aug. 14, 2023